[No. 15064. Department One.—July 25, 1893.]

## MARTHA C. WATRISS, RESPONDENT, v. E. S. REED, APPELLANT.

MEXICAN GRANT—PURCHASE IN GOOD FAITH OF LAND EXCLUDED FROM SURVEY—CONNESS ACT.—One who, prior to the passage of the act of Congress of July 23, 1866, known as the Conness Act, made a purchase in good faith and for a valuable consideration of land excluded from the final survey of a Mexican grant, but which was at the time of the purchase believed to be within the grant, and who took and retained actual possession thereof, and used and improved the same according to the lines of the original purchase, became entitled to the benefit of the right of purchase from the government conferred by that act.

ID.—RELATION—DISTURBANCE OF POSSESSION—HOMESTEAD CLAIM.—The claim of such purchaser related to the date of the act, and was not affected by a subsequent disturbance of the actual possession by the settlement of a homestead claimant, with whom a contest was made in the land-office over the right to purchase the land, and the application by such purchaser for a patent properly prevailed over the homestead claim.

ID.—ACTUAL POSSESSION—GRAZING LAND.—To constitute actual possession of land it is not necessary that there should be an enclosure, and where it appeared that land purchased was best adapted and was used for grazing purposes, and was fenced on two sides, and that the purchaser was put in possession of the tract claimed by his grantor, and paid taxes thereon, and such possession was respected by all persons until the adverse settlement made by the homestead claimant, the actual possession of the purchaser is sufficient to support that right of purchase under the Conness Act.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George Pearce*, for Appellant.

*George A. Johnson*, for Respondent.

PATERSON, J.—This action was brought to recover possession of a tract of land in Sonoma County. The land is a portion of 640 acres confirmed to General Joseph Hooker as a part of the

Mexican grant known as the Agua Caliente rancho. On the final survey 550 36–100 acres only were found to be included within the grant, and the respondent made application to purchase the balance of the 640 acres called for by the decree, under the seventh section of the act of Congress of July 23, 1866, popularly known as the Conness Act, which provides that: "Where persons in good faith, and for a valuable consideration, have purchased lands of Mexican grantees or assigns, which grants have subsequently been rejected, or where the lands so purchased have been excluded from the final survey of any Mexican grant, and have used, improved, and continued in the actual possession of the same according to the lines of the original purchase, and where no adverse right or title (except of the United States) exists, such purchaser may purchase the same after having such land surveyed under existing laws, upon first making proof of the facts required in this section." Respondent's application was granted, and she received a United States patent for the land after a contest with the defendant in the United States land-office. The defendant claims under a settlement upon the land in 1879, and a homestead entry of November 12, 1880.

The first point made by the appellant on this appeal is that the respondent was not a purchaser in good faith. In answer to this it is sufficient to say it clearly appears that Mrs. Watriss paid at least seven thousand dollars in money in good faith, acting upon the advice of her attorneys, and that the lands at the time she purchased were supposed to have been granted by the Mexican government. At the time of the passage of the act above referred to she had used and improved the property, and had continued in the actual possession thereof, and it was for the benefit of persons of this class that Congress passed the act. The case is one clearly and fairly within the letter and the spirit of the law. (*Bascomb* v. *Davis,* 56 Cal. 152; *Hosmer* v. *Wallace,* 97 U. S. 577.)

Appellant insists that the grant fixed one definite boundary or base, and that as the grant was only a quarter of a league wide, all purchasers under the Mexican grantee must have taken with notice that all lands lying more than a quarter of a league east of the base line did not belong to the grant; and that such

purchasers cannot, therefore, be regarded as *bona fide* purchasers within the meaning of the act of 1866.

The character of the grant was considered and determined in *Hays* v. *Steiger,* 76 Cal. 560, and requires no further notice. Plaintiff purchased the land in 1858. Reed made his settlement in 1879, before the final survey of the grant and the filing of the township plat, and was notified at the time of the respondent's claim and warned not to trespass thereon.

It is claimed by appellant that the land was never excluded from the final survey of the grant, and that the respondent is, therefore, not entitled to the benefit of the act. The argument seems to be that as the land never was a part of the grant it never could have been excluded; but if the land had in fact been a portion of the grant, she would not have been compelled to rely upon the provisions of the act for title to the land. If Congress had intended legal rights alone to control, there was no occasion for the passage of the act. The object of the act was to give to the purchaser from the Mexican grantee the right of purchase from the government. He was assured by the act that if he made his purchase in good faith, took actual possession and continued the same, and paid a valuable consideration, and the land was believed to be within the grant, he would be treated as a preferred purchaser of the land, and upon paying for the same would be entitled to a patent. If respondent's land was not within the lines of the grant, it was *supposed to be,* and the evidence shows that she honestly believed it to be within such lines, and this entitles her to the protection of the act.

It is claimed, also, that respondent never had actual possession of the premises, and that she has not used, improved, and continued in the actual possession of the same, according to the lines of her original purchase.

The evidence shows that respondent used the land for grazing purposes, to which it was best adapted. The land was fenced on two sides. Steiger paid rent to her for grazing his cattle upon the tract, and she has paid taxes upon it since her purchase. All of the neighbors seem to have respected her possession, and no one ever disputed her right to the same prior to the settlement of Reed. Her claim relates back to the date

of the act, although she has been disturbed in her actual possession since the settlement of third parties. Among other facts conceded in the record is the fact that her grantor Brown put her in possession of the tract. The deed from Hooker to Brown gives a description of the 640 acres, and one of the witnesses testified that the tract was bounded on the west by Sonoma creek, on the south by land belonging to Camp and Bergin, on the east by government land, and on the north by the Stone tract. To constitute actual possession it is not necessary that there should be an enclosure, and there can be no doubt, we think, that respondent's land was sufficiently identified. (*Steinbach* v. *Stewart*, 11 Wall. 567, where the grant in question was considered.)

Judgment and order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.